P. STEIGER TRUNK & BAG CO. v. WHARNCLIFFE et al.

(Supreme Court, Appellate Term. January 21, 1909.)

1. CORPORATIONS (§ 661*)—FOREIGN CORPORATIONS—ACTIONS BY—DEFENSES—
   FAILURE TO COMPLY WITH LAW.
       Failure of a foreign corporation to comply with General Corporation Law (Laws 1892, p. 1805, c. 687) § 15, requiring foreign corporations to procure a certificate of authority to do business in the state, is a defense to an action by it for goods sold and delivered.
       [Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2539, 2543, 2544, 2546, 2564; Dec. Dig. § 661.*]

2. PLEADING (§ 261*)—AMENDMENT—CORPORATIONS.
       On trial of an action by a foreign corporation for goods sold and delivered, it was error to refuse to allow defendant, who had pleaded

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

payment, to amend by alleging the corporation's failure to comply with General Corporation Law (Laws 1892, p. 1805, c. 687). § 15, requiring foreign corporations to procure a certificate of authority to do business in the state.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 794; Dec. Dig. § 261.*]

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Action by P. Steiger Trunk & Bag Company against Henry H. Wharncliffe and another, trading as Travelers' Specialty Company. From a judgment for plaintiff, defendants appeal. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and BISCHOFF and GUY, JJ.

H. Lionel Kringel, for appellants.
Truax & Watson, for respondent.

GUY, J. This is an appeal from a judgment rendered by the court without a jury in favor of plaintiff for $401.60, balance due for trunks sold and delivered by plaintiff to defendants. The answer pleaded payment.

On the trial defendants moved to amend the answer so as to allege that plaintiff was a foreign corporation doing business within the state of New York, and as such foreign corporation had failed to comply with section 15 of the General Corporation Law (Laws 1892, p. 1805, c. 687). The complaint and answer both alleged that the plaintiff is a foreign corporation, but not that plaintiff was doing business in the state of New York. The motion to amend was denied, and an exception taken. The defense set up in the proposed amendment, if established, would have absolutely defeated plaintiff's right of recovery. Plaintiff could not plead surprise, as the facts relating to such defense were entirely in the possession of the plaintiff. The motion should have been granted, and the refusal to do so was reversible error. Miles v. Kuttner, 59 Misc. Rep. 224, 110 N. Y. Supp. 225.

Judgment reversed, and new trial ordered, with costs to appellants to abide the event. All concur.